UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON J. GREEN** <br> *Plaintiff* | * CASE NO. _____ <br> * <br> * |
| **VERSUS** | * <br> * |
| **FLUOR CORPORATION; TRS STAFFING SOLUTIONS, INC., & AMERICAN EQUIPMENT COMPANY, INC.** <br> *Defendants* | * <br> * <br> * <br> * |

## COMPLAINT

**NOW INTO COURT** through undersigned counsel, comes **BRANDON J. GREEN** ("Mr. Green"), **PLAINTIFF**, a domiciliary of Gonzales, Ascension Parish, Louisiana, of the age of majority, who files this complaint and asserts the following:

I.

This court has **JURISDICTION** over the matters herein in accordance with Article III,§2 of the United States Constitution, 28 USCA 1331, and Title VII of the Civil Rights Act of 1964 as amended.

II.

Made **Defendants** Herein, jointly and severally, are **FLUOR CORPORATION** ("Fluor"), a California corporation domiciled in and with its principal office located in Los Angeles, California; and its Affiliates and/or Subsidiaries, **TRS STAFFING SOLUTIONS, INC. ("TRS")**, a South Carolina corporation domiciled in Greenville, South Carolina, and

Green v. Fluor Corporation, *et al*, U.S. Dist. Ct., MDLA
Tillman Bester & Associates, LLC
Complaint, March 26, 2008

Page 1 of 6

with its principal Louisiana office located in Baton Rouge, Louisiana; and **American Equipment Company, Inc. "AMECO"**, a South Carolina Corporation domiciled in and with its principal office located in Greenville, South Carolina.

III.

Fluor, TRS and AMECO are each, jointly and severally, engaged in industry affecting commerce and has/had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and are, therefore, "employers" within the definition of **42 USCA 2000e**.

IV.

A charge of discrimination in employment based on Race was timely filed with the United States Equal Employment Opportunity Commission ("the EEOC"), and a *Notice of Right to Sue* **[Exhibit 1]** was issued on December 28, 2007. **Title VII of the Civil Rights Act of 1964 as amended.**

V.

Plaintiff is an African-American Male, who was employed with Fluor Corporation at its AMECO office in Gonzales, Louisiana, and through its staffing subsidiary, TRS. He was qualified at all relevant times for the position(s) he held and at the time of the discriminatory acts described herein. Plaintiff was discriminated against by Fluor, AMECO, and TRS, jointly and severally, and/or by their respective agents, employees and/or representatives

Green v. Fluor Corporation, *et al*, U.S. Dist. Ct., MDLA
*Tillman Bester & Associates, LLC*
Complaint, March 26, 2008

Page 2 of 6

because of his race, African American.

VI.

All of the acts which gave rise to this complaint occurred in Gonzales, Ascension Parish, Louisiana, at facilities that were under the direction and control of Defendants Fluor, AMECO, and/or TRS, within the jurisdiction of the United States District Court for the Middle District of Louisiana. This court, therefore, has jurisdiction and is the proper **VENUE** in this matter in accordance with **28 USCA 1391** and **Title VII of the Civil Rights Act of 1964** as amended.

VII.

Plaintiff Brandon J. Green was employed with Fluor Corporation at its AMECO facility in Gonzales, Louisiana, through its staffing subsidiary, TRS from about October, 2005 through May 9, 2006. At the time of the discriminatory acts asserted herein, Mr. Green was employed as a laborer.

VIII.

On or about March 22, 2006, Mr. Green walked into his work site and was confronted by two white male co-workers, Patrick Gillen and John Worley, engaged in making hangman's nooses. When Mr. Green entered the facility, Gillen and Worley asked him if he wanted to be the first person on whom they used the hangman's noose. Mr. Green, a 19-year-old at the time, was both terrified and horrified.

**Green v. Fluor Corporation, *et al*,** U.S. Dist. Ct., MDLA
*Tillman Bester & Associates, LLC*
Complaint, March 26, 2008

Page 3 of 6

## IX.

Mr. Green immediately, on the same day, reported the incident regarding the hangman's noose to Phil Harris, AMECO Operations Manager, and Pat Doyle, AMECO Director of Operations. He simultaneously reported the increasingly hostile racist work environment, including the fact that he had been called "nigger" on multiple occasions in the workplace. Harris and Doyle allegedly conducted an investigation, and concluded that the noose incident was just "horseplay" and not "malicious, but only someone making knots."

## X.

Mr. Green was subjected to a racially hostile environment on almost a daily basis at Fluor/AMECO. Additional acts of discrimination included, but were not limited to, incidents in which Mr. Green and other African-American employees were routinely called "nigger" and told to get their "black asses to work." On at least one occasion, Mr. Green's supervisor, Juan Valdez, Hispanic Male, told Mr. Green to "shut up, nigger." On another occasion, Valdez told Mr. Green to "get your goat smelling ass to work."

## XI.

At a Safety Meeting on or about March 23, 2006, Patrick Doyle mentioned the noose incident and said he had concluded that the whole incident was just "horseplay." To the best of Mr. Green's knowledge, information and belief, no further action was taken while he was employed with Fluor/AMECO/TRS to improve his racially hostile work environment.

**Green v. Fluor Corporation,** *et al*, U.S. Dist. Ct., MDLA
*Tillman Bester & Associates, LLC*
Complaint, March 26, 2008

Page 4 of 6

XII.

On or about May 9, 2006, Mr. Green found himself simply unable to continue to endure this racially hostile work environment, and was constructively discharged.

XIII.

The actions of Defendants Fluor, AMECO and TRS have caused, and continue to cause, Mr. Green substantial injury/damages, including, but not limited to, humiliation, mental anguish, stress, loss of income, and loss of enjoyment of life.

XIV.

Plaintiff is entitled to, and specifically requests, TRIAL BY JURY.

XV.

**WHEREFORE, PLAINTIFF PRAYS** that after due proceedings this honorable court will render judgment in his favor and **GRANT** him compensatory damages; back pay; reinstatement to his original position; reasonable attorneys fees; all costs of these proceedings– including, but not limited to, court costs; punitive damages for wilful/intentional violations of his federally protected employment rights; together with legal interest from the date of judicial demand; TRIAL BY JURY, and any and all other legal and equitable relief the court deems appropriate and reasonable under the premises.

Respectfully submitted,

_____ 3/26/08
Alfreda Tillman Bester, MBA, JD, La. Bar Roll #27,381

Green v. Fluor Corporation, *et al*, U.S. Dist. Ct., MDLA
*Tillman Bester & Associates, LLC*
Complaint, March 26, 2008

*Tillman Bester & Associates, LLC*
4014 Salem Drive
Baton Rouge, LA 70814
Telephone: (225) 273-9449     Fax: (225) 275-4407

*Attorneys for Plaintiff*, BRANDON J. GREEN

## CERTIFICATE OF SERVICE

I certify that on this **March 26, 2008** a copy of the foregoing, with a Request for Waiver, has been served via **Certified U.S. Mail**, properly addressed and postage prepaid as follows:

**Fluor Corporation**
    through its Registered Agent
Fluor Corporation
2500 South Atlantic Blvd
Los Angeles, CA 90040

**American Equipment Company, Inc.**
    through its Registered Agent
Corporation Service Company
1703 Laurel Street
Columbia, SC 29201

**TRS Staffing Solutions, Inc.**
    through its Registered Agent
Corporation Service Company
320 Somerlous Street
Baton Rouge, LA 70802

_____  3/26/08
Alfreda Tillman Bester, MBA, JD

Green v. Fluor Corporation, *et al*, U.S. Dist. Ct., MDLA
Tillman Bester & Associates, LLC
Complaint, March 26, 2008

Page 6 of 6