UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON GREEN

VERSUS

FLUOR CORPORATION, ET AL

CIVIL ACTION

NUMBER 08-176-FJP-SCR

**RULING ON MOTION TO COMPEL PRODUCTION AND INSPECTION**

Before the court is the Defendants' Motion to Compel Production and Inspection. Record document number 26. The motion is opposed.[1]

Essentially for the reasons stated in the plaintiff's opposition memorandum, the defendants' motion is denied. None of the defendants' requests for production of documents sought inspection of the plaintiff's camera phone or his email account. Defendants' offered no basis to contest the authenticity of the photograph, nor do they contend that viewing the original of it on the plaintiff's camera phone or in an email will provide them with any information which they do not already have.

Defendants did not request any particular form for the production of electronically stored information, i.e. the photograph, as they could have pursuant to Rule 34(b)(1)(C), Fed.R.Civ.P. Consequently, the plaintiff had the option under Rule 34(b)(2)(E) to produce the photograph in either the form it is

---

[1] Record document number 27.

ordinarily maintained or in a reasonably usable form. Defendants do not argue that the form chosen by the plaintiff is not reasonably usable. While the defendants assert that the image is of poor quality, they did not attach a copy of it to their motion so the court can independently assess the quality of it. Moreover, because under Rule 34(b)(2)(E)(iii) a party need not produce the same electronically stored information in more than one form, the defendants have no right to view the same photograph in the plaintiff's email account.

Defendants' motion was not substantially justified and no circumstances make an award of expenses incurred by the plaintiff unjust. Considering the motion and the opposition filed by the plaintiff, pursuant to Rule 37(a)(5)(b), Fed.R.Civ.P., the plaintiff is awarded his reasonable expenses, including attorney's fees, incurred in opposing this motion in the amount of $200.00.

Accordingly, the Defendants' Motion to Compel Production and Inspection is denied. Plaintiff is awarded reasonable expenses incurred in opposing the motion in the amount of $200.00, to be paid by the defendants within 10 days.

Baton Rouge, Louisiana, June 11, 2009.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE